Oliver Unemployment Compensation Case.
United States Steel Corporation, Appellant, *v.*
Unemployment Compensation Board of
Review.

Argued March 9, 1959. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*William H. Wood*, with him *Roy J. Keefer*, and *Hull, Leiby and Metzger*, for appellant.

*Sydney Reuben*, Assistant Attorney General, with him *Anne X. Alpern*, Attorney General, for appellee.

OPINION BY WRIGHT, J., April 16, 1959:

We are here concerned with the eligibility for unemployment compensation benefits of thirty-five claimants who were employed at the Clairton works of the United States Steel Corporation. The Bureau of Employment Security and the Referee held that claimants were disqualified under Section 402(d) of the Unemployment Compensation Law. Act of December 5, 1936, P. L. (1937) 2897, Section 402(d), 43 P.S. 802-(d). The Board of Review reversed the Referee and allowed benefits. The employer has appealed.

There is no material dispute as to the facts. Claimants were employed rolling steel in the employer's twenty-one and twenty-two inch finishing mills. The work done in these mills is a continuous integrated production process analogous to that of an assembly line. The unemployment forming the basis for the claims in question resulted when a group of employes engaged as pilers in stacking the finished product stopped work because of a contention over the revision of an existing incentive plan. This cessation of work caused a shut-down of the entire department. The last day of work was May 4, 1956. The period of unemployment continued until May 14, 1956 as to some of the claimants, and until May 16, 1956 as to the remainder. Local No. 1557, United Steel Workers of America, C.I.O. was the bargaining agent for all the employes of the company, but it did not condone the work stoppage in question nor encourage participation therein. Claimants did not personally participate in the labor dispute

which caused the stoppage of work. The pivotal question is whether claimants belong to the same grade or class of workers as the pilers. The issue presented is one of law rather than of fact, and involves a question of statutory interpretation on which this court has already spoken.

Section 402 of the Unemployment Compensation Law provides in pertinent part as follows: "An employe shall be ineligible for compensation for any week . . . (d) In which his unemployment is due to a stoppage of work, which exists because of a labor dispute (other than a lock-out) at the factory, establishment or other premises at which he is or was last employed: Provided, That this subsection shall not apply if it is shown that (1) he is not participating in, or directly interested in, the labor dispute which caused the stoppage of work, and (2) he is not a member of an organization which is participating in, or directly interested in, the labor dispute which caused the stoppage of work, and (3) he does not belong to a grade or class of workers of which, immediately before the commencement of the stoppage, there were members employed at the premises at which the stoppage occurs, any of whom are participating in, or directly interested in, the dispute".

It is apparent that the legislature has established three requirements for removing the ineligibility of claimants whose employment is due to a stoppage of work. Claimants to whom Section 402(d) is applicable must show that all three of these requirements have been met.[1] This was firmly settled by the decision of this court in *Curcio Unemployment Compensation Case*, 165 Pa. Superior Ct. 385, 68 A. 2d 393,

---

[1] While appellant contends that claimants did not meet any of these requirements, we deem it necessary to consider only the third.

wherein Judge HIRT made the following statement: "We agree with appellant that 'No person unemployed because of a labor dispute can recover unemployment compensation unless he can prove that he is not directly interested, *and* he is not a member of the striking union, *and* he is not of the same grade or class of workers as the strikers. There is no justification for the position that the three conjunctive tests are merely one test phrased in three different ways.' Each of these limitations of Section 402(d) on the right to unemployment compensation, imposed by the legislature, must be given effect".

In the *Curcio* case, claimant was a production worker for Westinghouse Electric Corporation and a member of Local No. 201 of the A. F. of L. International Brotherhood of Electrical Radio and Machine Workers. Local No. 634, C.I.O. United Electrical Radio and Machine Workers, which also had members employed at the same plant, went on strike to compel the employer to recognize Local No. 634 as the exclusive bargaining agent for all employees. By reason of a picket line set up by Local No. 634, claimant was prevented from entering the plant. It was held that claimant was ineligible for benefits because he belonged to the same grade or class of workers as the strikers, notwithstanding the fact that he was not a member of the striking union. This conclusion was reached on the following reasoning: "While the duties of the various employes differed somewhat in detail, yet they were all production workers in the manufacture of electrical equipment in the plant of their employer in Beaver". The rationale of the *Curcio* case was approved in *Byerly Unemployment Compensation Case*, 171 Pa. Superior Ct. 303, 90 A. 2d 322, and *Stahlman Unemployment Compensation Case*, 187 Pa. Superior Ct. 246, 144 A. 2d 670. The rule is the same in other ju-

risdictions having comparable statutes. See *Bethlehem Steel Co. v. Board of Appeals*, 219 Md. 146, 148 A. 2d 403, and cases therein discussed.

As aptly stated by Referee Curran in the case at bar: "Since each worker is a part of an intricate production system with one operation interdependent upon the other, they all must be regarded as production workers." The progressive activities of the two groups of employes were so closely related that it was not possible for the mills to continue operation unless the work of each group was being performed. The decision of the Board of Review is predicated upon its conclusion that the claimants "did not belong to the same grade or class of worker as the pilers who were the people engaged in the labor dispute". On the instant record, and in view of the decisions hereinbefore cited, this conclusion is plainly erroneous.

Decision reversed.