Thomas Balsamo et al., Petitioners *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued May 11, 1979, before Judges BLATT, DISALLE and MACPHAIL, sitting as a panel of three.

*David S. Pollock,* with him *Jubelirer, Pass & Intrieri,* for petitioners.

*GuruJodha Singh Khalsa,* Assistant Attorney General, with him *Richard Wagner,* Chief Counsel, and *Edward G. Biester, Jr.,* Attorney General, for respondent.

PER CURIAM OPINION, August 22, 1979:

We are asked to decide whether the Unemployment Compensation Board of Review (Board) improperly affirmed the referee's denial of benefits to Thomas Balsamo et al. (Petitioners).[1] We need only determine the applicability of Section 402(d) of the Unemployment Compensation Law (Act), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(d), the labor dispute section, for Petitioners concede that if that section applies, they cannot prevail.

Petitioners worked for Quaker State Coca-Cola Bottling Company (Employer) on a day to day basis as "extra" truck drivers, reporting to work only when notified to do so. Some were members of Teamsters Local 249, and some were not, but none worked after June 30, 1977, the day on which the collective bargaining agreement between Local 249 and Employer expired. Prior to June 30, Petitioner Balsamo had worked for 23 consecutive work days. From July 1, 1977 to September 1, 1977, members of Local 249 were on strike, and Employer did not call any of the Peti-

---

[1] By stipulation, the claim of Petitioner Balsamo has been consolidated with the claims of seven other similarly situated claimants and counsel have agreed that the decision in Balsamo shall be determinative of claims of all other Petitioners.

tioners to work. In fact, none of Quaker State's employes worked, since, as the referee found, there was no work for anyone because of the strike.[2]

Section 402(d) of the Act renders an employe ineligible for compensation for any week:

> In which his unemployment is due to a stoppage of work, which exists because of a labor dispute (other than a lock-out) at the factory, establishment or other premises at which he is or was last employed: Provided, That this subsection shall not apply if it is shown that (1) he is not participating in, or directly interested in, the labor dispute which caused the stoppage of work, and (2) he is not a member of an organization which is participating in, or directly interested in, the labor dispute which caused the stoppage of work, and (3) he does not belong to a grade or class of workers of which, immediately before the commencement of the stoppage, there were members employed at the premises at which the stoppage occurs, any of whom are participating in, or directly interested in, the dispute.

An analysis under this section requires an inquiry into whether a claimant's unemployment is due to a work stoppage which is the result of a labor dispute and, if so, whether the claimant falls within one of the three enumerated exceptions. In this case, Petitioners argue that given the tenuous nature of their employment, *i.e.*, the fact that they could not report for work unless specifically requested to do so, they were unemployed prior to the strike, and that "[t]heir

---

[2] We find support for this in the record. A witness for Employer, Mr. Burley, testified that Quaker State's office workers, factory workers, and mechanics "were laid off [because] local 249 was on strike and there was no work for them to do."

unemployment merely continued during the period of the labor dispute but was not caused by the labor dispute.''

We disagree. We believe the record supports a finding that Petitioners were unemployed as a result of the strike. Petitioner Balsamo was called to work on each of the 23 consecutive work days prior to the strike but not thereafter. This was no coincidence. Surely Petitioners do not contend that had they applied for unemployment compensation the day before the strike, they would have qualified. Yet were we to award benefits, we would essentially be holding that Petitioners were eligible for unemployment compensation before they ever became unemployed. This we obviously cannot do.

Petitioners rely heavily on *Jernstrom Unemployment Compensation Case*, 202 Pa. Superior Ct. 209, 195 A.2d 922 (1963). The claimants there were actually laid off so that repairs could be made to equipment with which they worked, but before the equipment could be repaired, the company went on strike. The court awarded benefits, holding

> that where unemployment is due to lack of work, the mere occurrence of a labor dispute will not change the legal causation of the unemployment unless work becomes available and is rejected by the employe because of the strike. Because the board found that the layoff was caused originally by lack of work and no work was available until after the strike ended, the fact that there was a strike is not a relevant factor.

*Id.* at 214, 195 A.2d at 925. *Jernstrom* is clearly distinguishable because the claimants there were actually laid off due to lack of work before the strike ever occurred, and thus presumably were eligible for bene-

fits before such time. Here, Petitioners remained employed until the strike began.

Lastly, we note that none of Petitioners falls within the three exceptions set forth in the proviso to Section 402(d). Some of Petitioners were members of Local 249, but even as to the few who were not, it is abundantly clear that all had a direct interest in the dispute. The record reveals that the collective bargaining agreement between Local 249 and Employer provided that the wages and fringe benefits negotiated by the union covered all employes, including the non-member Petitioners. Thus, Petitioners had a direct interest in the dispute and are not entitled to compensation.

We affirm.

PER CURIAM ORDER

AND Now, this 22nd day of August, 1979, the order of the Unemployment Compensation Board of Review, dated January 16, 1978, affirming the referee's denial of benefits to Thomas Balsamo et al., is hereby affirmed.