School District of the City of Allentown, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent. (12 Cases)

(Claims of: Arlene S. Briener, Alberta S. Sachs, Arlene S. Eisenman, Margie B. Kern, Constance M. Laudenslager, Mary Ann Rocco, Elsie S. Peters, Gladys K. Mongilutz, Pauline M. Zeiner, Katherine F. Boandl, Dolores R. Smith, and Adele E. Krauss)

Argued June 6, 1979, before President Judge BOWMAN and Judges CRUMLISH, JR., MENCER, BLATT, DISALLE, CRAIG and MACPHAIL. Judges WILKINSON, JR. and ROGERS did not participate.

*Edward H. Feege,* with him *Hays and Feege,* P.C., for appellant.

*Daniel R. Schuckers,* Assistant Attorney General, with him *Richard Wagner,* Assistant Attorney General, and *Edward G. Biester, Jr.,* Attorney General, for appellee.

*Jerome H. Gerber,* with him *James L. Cowden,* and *Handler, Gerber and Weinstock,* for amicus curiae, Pennsylvania AFL-CIO.

Opinion by Judge Craig, November 2, 1979:

The School District of the City of Allentown (employer) appeals from the decision of the Unemployment Compensation Board of Review (Board), affirming the referee's determination that claimants, teachers' aides, who were unemployed for 17 working days as a result of the Allentown Education Association's strike against employer, were eligible for compensation.[1]

Governing the issue is Section 402(d) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(d), which provides:

> An employee shall be ineligible for compensation for any week—
>
> . . . .
>
> (d) In which his unemployment is due to a stoppage of work, which exists because of a labor dispute (other than a lock-out) at the factory, establishment or other premises at which he is or was last employed: Provided, That this subsection shall not apply if it is shown that (1) he is not participating in, or directly interested in, the labor dispute which caused the stoppage of work, and (2) he is not a member of an organization which is participating in, or directly interested in, the labor dispute which caused the stoppage of work, and (3) he does not belong to a grade or class of workers of which, immediately before the commencement of the stoppage, there were members employed at the premises at which the

---

[1] Claimants filed for Special Unemployment Assistance benefits under the Emergency Jobs and Unemployment Assistance Act of 1974, P.L. 93-567, *as amended*, 26 USC §3304 (note).

stoppage occurs, any of whom are participating in, or directly interested in, the dispute.

No dispute exists with respect to the findings that claimants, who were not members of the Allentown Education Association or members of the collective bargaining unit represented by the Allentown Education Association, did not participate in the work stoppage, nor did they stand to benefit from any terms or conditions of a new collective bargaining agreement. Thus, claimants succeeded in showing that they met the first two conditions set forth in the proviso to Section 402(d) of the Act. *Unemployment Compensation Board of Review v. Tickle,* 19 Pa. Commonwealth Ct. 550, 560-61, 339 A.2d 864, 869-70 (1975).

The employer raises a single issue in this appeal: Did the Board err as a matter of law in concluding that claimants did not belong to the same "grade or class" of workers as those who participated in the strike.

Employer invokes the "continuous integrated production process" theory, relied on by this court in *Unemployment Compensation Board of Review v. National Valve and Manufacturing Co.,* 19 Pa. Commonwealth Ct. 565, 339 A.2d 137 (1975) and cases cited therein, for the proposition that the activities and job functions performed by the teachers' aides were so closely related to those performed by the striking teachers—stressing the fact that teachers' aides could not work unless the teachers were working—that claimants were in the same "grade or class" as the teachers and therefore were ineligible for benefits during the period of the strike.

We do not believe that the above-cited chain-of-production cases are dispositive of the issues presented in this case. Those cases were decided on the basis that the nonstriking employees were components

of a. "continuous integrated production process" and have thus far involved only the sphere of manufacturing and physical production. *National Valve, supra,* and cases cited therein.

For more appropriate guidance here, we turn to *Unemployment Compensation Board of Review v. Tickle, supra,* where this court determined that garagemen and mechanics were of a different grade and class than the drivers involved in the work stoppage. Further, in *Rhodes v. Unemployment Compensation Board of Review,* 35 Pa. Commonwealth Ct. 198, 386 A.2d 612 (1978), this court recognized that production and maintenance employees were not of the same grade or class as striking office, clerical and technical employees.

Whether claimants in this case belong to the same grade or class of workers as the striking teachers is a question of law and therefore, subject to our review. *National Valve, supra,* 19 Pa. Commonwealth Ct. at 567-68, 339 A.2d at 139.

The record indicates that the work of the teachers' aides was essentially subordinate to that of the teachers. Claimants helped with classroom instruction, provided care for the children's social and physical needs, and also had responsibility for clerical work including the setting up and recording of tests. Further, the record establishes that teachers' aides were under the direction of the teachers, following the teachers' methods and day-to-day plans in accordance with the expectations the teacher had developed for each child.

Here, rather than establishing the inter-dependent nature of equal component parts, resulting in non-striking production workers' ineligibility for compensation, the record confirms the claimants' dependent position. Although claimants may not have been able to perform their function without the teachers,

teachers have carried out their work without the support and assistance of aides.

Moreover, consistently with the distinction in both grade and class found by this court in *Tickle, supra,* between the garagemen and mechanics, who performed supportive services, and the striking drivers, we note that this record establishes that the teachers' aides provided supportive services for the classroom.

Thus, a clear distinction between teachers' aides and teachers on the basis of their respective grade or rank can be made. Aside from the differences in training, qualifications, responsibilities and salary between the two groups, teachers' aides, being under the orders and supervision of the classroom teacher, are in a subordinate, and hence different, grade or rank.

We conclude that the Board correctly determined that claimants were members of a grade and class different from that of the striking teachers and therefore were eligible for benefits.

We affirm the orders of the Board disallowing further appeal from the referee's awards of benefits to claimants.

ORDER

AND Now, this 2nd day of November, 1979, the orders of the Unemployment Compensation Board of Review, dated February 7, 1978, are affirmed.