All Steel, Inc., Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review and Joseph J. Marshall, Sr., Respondents.

Argued November 13, 1979, before Judges WILKIN-SON, JR., ROGERS and MACPHAIL, sitting as a panel of three.

*Lawrence B. Cohn,* with him *Bart E. Ecker,* of Laputka, Bayless, Ecker & Cohn, P.C., for petitioner.

*Richard Wagner,* Chief Counsel, with him *Michael D. Klein,* Assistant Attorney General, and *Edward G. Biester, Jr.,* Attorney General, for respondents.

OPINION BY JUDGE MACPHAIL, March 3, 1980:

All Steel, Inc. has filed a petition for review of the Order of the Unemployment Compensation Board of Review (Board) disallowing further appeal of the referee's decision, which reversed the decision of the Bureau of Employment Security (now known as the Office of Employment Security) and granted partial

unemployment compensation benefits to Joseph J. Marshall, Sr. (Claimant).

Claimant was employed by All Steel, Inc. (Employer) as a shipper crater during the period at issue. On Monday, February 6, 1978, Claimant was unable to report to work on second shift (3:30 p.m.-12:00 midnight) as scheduled, due to a severe snowstorm which caused roads to become impassable. Though Employer did not cancel second shift on that date, it cancelled third shift and closed the entire plant on Tuesday, February 7, 1978, because of the heavy accumulation of snow. Claimant did work February 8, February 9, and February 10, 1978. No work was available to Claimant on Saturday, February 11, 1978.

Claimant filed an application for unemployment compensation benefits on February 11, 1978, for partial benefit credit for work lost on February 6, 1978, as a result of his inability to travel to work. The Employer contested the claim on the ground that the plant was open and work was available to Claimant on that specific day. Thus the Employer has presented us with the narrow issue of whether employees are eligible for unemployment compensation benefits in the event that work is available, yet the employees are unable to report for work because of inclement weather.

As conceded by Employer, Claimant does fit within the definition of "Unemployed" as set forth in Section 4(u) of the Unemployment Compensation Law (Act), Act of Dec. 5, 1936, Second Ex. Sess., P.L. [1937] 2897, art. I, §4, *as amended,* 43 P.S. §753(u):

An individual shall be deemed unemployed (I) with respect to any week (i) during which he performs no services for which remuneration is paid or payable to him and (ii) with respect to which no remuneration is paid or payable to him, or (II) with respect to any week of less than his full-time work if the remuneration paid

or payable to him with respect to such week is less than his weekly benefit rate plus his partial benefit credit.

Employer properly states that Claimant must meet the qualifications of Section 401 of the Act, 43 P.S. §801, in order to be eligible for unemployment compensation benefits. Employer now raises the argument that Claimant has not met a particular condition of eligibility found in Section 401, that compensation shall be payable to an employee who is or becomes unemployed, and who—"(d) [i]s able to work and available for suitable work," 43 P.S. §801(d). Employer argues that Claimant failed to show this condition of ability and availability and so is not entitled to benefits.

Employer had not previously challenged either Claimant's ability to work or his availability for work, in any of the proceedings before the Bureau of Employment Security, the referee or the Board. Not having been raised before the administrative agency below, the issue of Claimant's ability and availability is not properly before this Court. It is well established that a party may not raise before the court questions, other than the validity of the respective statute, not raised before the administrative agency in the absence of a showing of due cause. *Katz v. Unemployment Compensation Board of Review,* 40 Pa. Commonwealth Ct. 1, 396 A.2d 480 (1979). Furthermore, this principle is adopted in Section 703(a) of the Administrative Agency Law, 2 Pa. C.S. §703(a), as our scope of review of Commonwealth agency actions.

Therefore, we shall restrict our review to the issue of whether or not unemployment compensation was meant to extend to the Claimant in the factual situation presented here. The Claimant's good faith effort in attempting to get to work on February 6, 1978, establishes that Claimant was unemployed for a day

through no fault of his own. To benefit faultless employees is the purpose of unemployment compensation law. *Toma v. Unemployment Compensation Board of Review,* 4 Pa. Commonwealth Ct. 38, 285 A.2d 201 (1971). "Unemployment Compensation Law is a remedial statute and its provisions . . . shall be liberally and broadly construed so that workers unemployed through no fault of their own are provided with some measure of economic security." *Harman Unemployment Compensation Case,* 204 Pa. Superior Ct. 196, 202, 203 A.2d 378, 381 (1964). Compensation of our Claimant is, therefore, in line with the legislature's declaration of public policy regarding unemployment compensation benefits expressed in Section 753 of the Act, 43 P.S. §752.

Compensation for this Claimant also finds support in Justice MUSMANNO's opinion in the *Savage Unemployment Compensation Case,* 401 Pa. 501, 165 A.2d 374 (1960). Therein, the court established a test of good faith for application to situations similar to the one at hand.

> Of course, the Act is not intended to require payment to the shirker, the slothful or the indolent, but if the claimant is obviously in good faith in his expressed desire to work, but no matter how earnestly he reaches, his arms are not long enough to take and hold on to his job, he is in the 'necessitous' state spelled out in the Act.

401 Pa. at 509, 165 A.2d at 378.

In the strong dicta of his opinion, Justice MUSMANNO spoke specifically to the issue before us:

> Thus, the Act is a lifesaver to the employee struggling in the adversity of jobless insecurity, but what of the person who has a job but may not work at it because of inexorable circumstance as unappealable and as unremediable as

the rain, the snow, and the storm? Is he to be denied the benefits of the Unemployment law? The Legislature has answered that question in the negative. Whether the unemployment is due to the closing of the plant or the wrecking of the bridge which leads to the plant, the employee still needs to eat. The General Assembly accordingly has provided that the employee in such a situation may obtain the benefits of the Act, provided the facts demonstrate that he is kept away from his job for reasons of a 'necessitous and compelling nature.' In determining whether such facts exist, the test is not whether the claimant has taken himself out of the scope of the Act, but whether the Act specifically excludes him from its provisions. That is what is meant by a liberal and broad construction.

401 Pa. at 508-09, 165 A.2d at 378.

We find that Claimant was kept from work for reasons of a "necessitous and compelling nature;" and that despite the availability of work, Claimant's good faith efforts in attempting to get to work in the midst of a severe snowstorm rendered him eligible for partial unemployment compensation benefits.

### Order

And Now, this 3rd day of March, 1980, the Order of the Unemployment Compensation Board of Review, Decision No. B-161729, entered July 26, 1978, rendering Joseph J. Marshall, Sr. eligible for partial benefit credit for the week ending February 11, 1978, based on his actual earnings for the three days he did work, is affirmed.

President Judge Bowman did not participate in the decision in this case.

Judge DiSalle did not participate in the decision in this case.