Thomas P. Renne, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued April 7, 1980, before Judges WILKINSON, JR., MENCER and ROGERS, sitting as a panel of three.

*Germaine Ingram,* for petitioner.

*Stephen B. Lipson,* Assistant Attorney General, with him *Richard Wagner,* Chief Counsel, and *Edward G. Biester, Jr.,* Attorney General, for respondent.

OPINION BY JUDGE MENCER, June 26, 1980:

Thomas P. Renne (claimant) seeks review by this court of the decision of the Unemployment Compensation Board of Review (Board) which held that he was disqualified from receiving compensation benefits under the provisions of Section 402(d) of the Unemployment Compensation Law (Act), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(d). Section 402(d) provides:

> An employe shall be ineligible for compensation for any week—
>
> . . . .
>
> (d) In which his unemployment is due to a stoppage of work, which exists because of a labor dispute (other than a lock-out) at the factory, establishment or other premises at which he is or was last employed: Provided, That this subsection shall not apply if it is shown that (1) he is not participating in, or directly interested in, the labor dispute which caused the stoppage of work, and (2) he is not a member of an organization which is participating in, or directly interested in, the labor dispute which caused the stoppage of work, and (3) he does not belong to a grade or class of workers of which, immediately before the commencement of the stoppage, there were members employed at the premises at which the stoppage occurs, any of whom are participating in, or directly interested in, the dispute.

Claimant was last employed by the Fox Chapel Area School District (School District) on June 24,

1977, as a full-time substitute teacher. On June 20, 1977, he was informed by a letter from the School District's Director of Secondary Education that he would not be retained as an employee for the following school year. The claimant was placed on a list of substitute teachers.

From September 1, 1977 until September 27, 1977, the School District's staff of full-time, regular teachers engaged in a work stoppage. No classes were held during the period of the work stoppage and no substitute teachers were called to replace the striking employees.

Since claimant was not a member of the teachers' organization which participated in the labor dispute which caused the stoppage of work, did not himself participate in the work stoppage, and did not stand to benefit from any terms or conditions of a new collective bargaining agreement, he met the first two conditions set forth in the proviso to Section 402(d) of the Act. *Unemployment Compensation Board of Review v. Tickle*, 19 Pa. Commonwealth Ct. 550, 339 A.2d 864 (1975).

Did the claimant sustain his burden of proving that he is not of the same grade or class of workers as those striking? *Unemployment Compensation Board of Review v. National Valve & Manufacturing Co.*, 19 Pa. Commonwealth Ct. 565, 339 A.2d 137 (1975). We think not. Substitute teachers replace regular, full-time teachers who are ill or absent for some other reason, and on those occasions they perform the same teaching functions that the regular teachers perform.

Thus, on this record, we cannot find a sufficient distinction between substitute teachers and regular teachers on the basis of their training, qualifications, responsibilities, and remuneration to allow us to conclude that claimant was of a different grade or class of workers than the striking teachers. *See Curcio Un-*

*employment Compensation Case,* 165 Pa. Superior Ct. 385, 68 A.2d 393 (1949) (duties of various employees differed in detail, yet they were all production workers involved in the manufacturing of electrical equipment) ; *Stahlman Unemployment Compensation Case,* 187 Pa. Superior Ct. 246, 144 A.2d 670 (1958) (claimants who were carpenters, operating engineers and teamsters with differences in their duties were of the same class as the striking members of the laborers union). *Compare School District of the City of Allentown v. Unemployment Compensation Board of Review,* 47 Pa. Commonwealth Ct. 188, 409 A.2d 115 (1979) (teachers' aides held not to belong to same "grade or class" of workers as striking teachers).

We conclude that the Board correctly determined that claimant was a member of the same grade or class of workers who participated in the work stoppage under review in the instant case and therefore was ineligible for unemployment compensation benefits.[1]

---

[1] The claimant additionally contends that he was unemployed, not due to a labor dispute but rather due to a lack of work resulting from his separation as a full-time substitute teacher on June 24, 1977. We recognize that, in instances where a work stoppage results from a cause other than a labor dispute, Section 402(d) of the Act is inapplicable and does not provide a basis for denying unemployment compensation benefits. *Gladieux Food Services, Inc. v. Unemployment Compensation Board of Review,* 479 Pa. 324, 388 A. 2d 678 (1978). Also, where a claimant's unemployment is due to lack of work, a subsequent labor dispute does not change the legal causation of his unemployment. *Alloway Unemployment Compensation Case,* 208 Pa. Superior Ct. 451, 222 A.2d 449 (1966). However, in the instant case, it would have been possible for the claimant to work, had there been no strike. The school year had begun on August 29, 1977, and one substitute teacher had been called to work before the commencement of the teachers' strike on September 1, 1977. Therefore, what prevented the employment of the claimant was the strike and work stoppage that occurred on September 1, 1977 and not his separation as a full-time substitute teacher on June 24, 1977.

402 

## ORDER

AND Now, this 26th day of June, 1980, the order of the Unemployment Compensation Board of Review denying benefits to Thomas P. Renne is hereby affirmed.

---

DISSENTING OPINION BY JUDGE ROGERS:

I believe that a person who does the work of a regular employee as the occasion arises is not of the same grade or class of worker as the person for whom he substitutes. Substitute teachers are commonly paid less than regular teachers, they have fewer, if any, other benefits and no job security at all. Hence, I respectfully dissent.