Lawrence G. Frederick, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued November 19, 1980, before Judges Mencer, Rogers and Williams, Jr., sitting as a panel of three.

*Henry J. Kulakowski, Jr.,* for petitioner.

*Charles G. Hasson,* Assistant Attorney General, with him *Richard Wagner,* Chief Counsel and *Edward G. Biester, Jr.,* Attorney General, for respondent.

OPINION BY JUDGE ROGERS, December 19, 1980:

Lawrence G. Frederick worked for 23 years as a printer for a newspaper. He lost his employment in 1979 when the newspaper was sold. While he was employed by the newspaper he and his wife conducted other businesses. They owned and operated a mobile home park, sold modular homes, raised and raced racehorses and ran the farm on which the racehorses were kept. Frederick was paid $17,000 a year by the newspaper. Two of the Fredericks' business ventures were profitable—the mobile home park netted them $6,867 in 1978 and the sale of modular homes turned a profit of $7,919 in the same year. The farm and the racehorse operations produced net losses of $4,059 and $4,217 respectively in 1978.

Frederick was refused benefits by the Office of Employment Security on the ground that he was a self-employed person. Section 402(h) of the Unemployment Compensation Law (the Law), Act of December 5, 1936, Sec. Ex. Sess. P.L. (1937) 2897, *as amended,* 43 P.S. §802(h). On appeal, the referee found after a hearing that Frederick was not ineligible as a self-employed person but that he could not have benefits because the $284.35 he (and his wife) received from the two profitable sideline businesses on a weekly basis[1] exceeded his weekly benefit rate of $213. The

---

[1] Computed as $6867 + $7919 = $14,786 ÷ 52 = $284.35.

referee specifically found that Frederick's wife shared in profits from the businesses.[2]

Frederick first contends that the losses suffered in the farm and racing ventures should have been deducted from the profits of the mobile home park and sales businesses in computing his weekly income from sideline activities. He cites Department of Labor and Industry regulation at 34 Pa. Code §65.121. This regulation, however, provides only for the deduction of labor and material costs from gross income in computing the net earnings of a *single* sideline business. Nothing in the regulations or the Law suggests that the losses of failing sideline ventures must be offset against the profits of successful sideline businesses in the computation of the amount of remuneration to be deducted from the weekly benefit rate; and of course there is no reason in fairness or logic why they should. The purpose of unemployment compensation is to relieve the financial distress of workers during periods of forced unemployment. *Gilman v. Unemployment Compensation Board of Review,* 28 Pa. Commonwealth Ct. 630, 369 A.2d 895 (1977). This purpose would not be served by reducing the amount to be deducted from benefits on account of profitable sidelines by the amount of the losses from unprofitable sidelines the worker chooses to pursue.

Frederick also contends that only half of any net profits from the sideline activities should be attributed to him since his wife was an equal partner in all four business ventures. The referee, properly on the record, found: "The claimant's wife is not employed elsewhere and receives no actual wages from any of these enterprises but at the end of the year realizes the profits along with the claimant." Frederick testified that "Half of whatever we take in is hers." The

---

[2] The referee's findings were adopted by the Board.

compensation authorities, nevertheless, inconsistently with their finding, attributed all of the profits from the sideline activities to Frederick. We therefore vacate the Board's order and remand the record for a finding as to the amount of the net profits from the sideline activities payable to Mrs. Frederick and a decision as to the claimant's entitlement to unemployment compensation benefits based on the amount of the net profits actually received by him.

ORDER

AND Now, this 19th day of December, 1980, we vacate the order of the Board and remand for a finding and decision as to entitlement of the claimant to benefits not inconsistent with this opinion.