453 A.2d 318

**Thomas P. RENNE, Appellant,**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Appellee.**

Supreme Court of Pennsylvania.

Argued Oct. 26, 1982.

Decided Dec. 14, 1982.

300

Germaine Ingram, Philadelphia, for appellant.

Charles Hasson, Asst. Atty. Gen., for appellee.

Before O'BRIEN, C.J., and ROBERTS, NIX, LARSEN, FLAHERTY, McDERMOTT and HUTCHINSON, JJ.

OPINION

McDERMOTT, Justice.

This is an appeal from the order of the Commonwealth Court, affirming the decision of the Unemployment Compensation Board of Review which denied benefits to appellant, Thomas P. Renne.

Appellant was employed as a full-time substitute teacher by the Fox Chapel Area School District (hereinafter "school district") during the academic year of 1976–77. On June 20, 1977, the school district informed appellant by letter that he had been replaced by a full-time teacher who would permanently assume the position appellant had temporarily occupied. On July 3, 1977, appellant filed an unemployment compensation claim, but no decision on his application was made until October, 1977. The school district, meanwhile, placed appellant's name on its list of persons eligible for substitute teaching duties during the 1977–78 academic year. A person on the list could be temporarily assigned to a teaching position if a vacancy developed and the candidate passed a medical examination.

On September 1, 1977, a teachers' strike which lasted until September 27 began against the school district. On October 12, 1977, the Bureau of Employment Security (hereinafter "Bureau") denied appellant's application for benefits. Appellant thereafter appealed the Bureau's decision to an unemployment compensation referee. After a hearing the referee reversed the Bureau's decision and granted the requested benefits for the month of September. The Bureau then appealed to the Unemployment Compensation Board of Review (hereinafter "Board") where the referee's ruling was reversed. The Commonwealth Court affirmed the Board's findings, resulting in the instant appeal.[1] *Renne v. Unemployment Compensation Board of Review,* 52 Pa.Cmwlth. 398, 415 A.2d 995 (1980).

---

1. Jurisdiction is vested in this Court pursuant to the Act of July 9, 1976, P.L. 586, No. 142, § 2, 42 Pa.C.S.A. § 724.

The Commonwealth Court based its decision on § 402(d) of the Unemployment Compensation Law which provides as follows:

An employee shall be ineligible for compensation for any week . . .

\* \* \* \* \* \*

(d) In which his unemployment is due to a stoppage of work, which exists because of a labor dispute (other than a lock-out) at the factory, establishment or other premises at which he is or was last employed: Provided, That this subsection shall not apply if it is shown that (1) he is not participating in, or directly interested in, the labor dispute which caused the stoppage of work, and (2) he is not a member of an organization which is participating in, or directly interested in, the labor dispute which caused the stoppage of work, and (3) he does not belong to a grade or class of workers of which, immediately before the commencement of the stoppage, there were members employed at the premises at which the stoppage occurs, any of whom are participating in, or directly interested in, the dispute.

43 Pa.S. § 802(d).[2]

There has been no dispute throughout this litigation that appellant met the first two requirements of § 402(d). Consequently, the controversy has centered on the interpretation of the third proviso, i.e., whether appellant, as a substitute teacher, was of the same "grade or class" as the striking full-time teachers.[3]  Because we find that persons

**2.**  Unemployment Compensation Law, Act of December 5, 1936, P.L. 2897, art. IV, § 402, *as amended,* Act of June 30, 1947, P.L. 1186 § 2, 43 Pa.S. § 802(d).

**3.**  Appellant argues that § 402(d) is inapplicable because his unemployment resulted, not from a labor dispute, but from his being replaced by a full-time teacher. This contention is without merit. It has been consistently held that substitute teachers whose names appear on lists subject to call upon the development of a vacancy are not unemployed for purposes of receiving unemployment compensation benefits. *See Neshaminy School District v. Unemployment Compensation Board of Review,* 57 Pa.Cmwlth. 543, 426 A.2d 1245 (1980); *Hansen v. Unemployment Compensation Board of Review,*

who have been advised that they are subject to call as substitute teachers are not, merely by virtue of the appearance of their names on eligibility lists, members of the same "grade or class" as full-time, permanent teachers, we hold that appellant complied with the third proviso of § 402(d) and, accordingly, reverse the order of the Commonwealth Court.

The court below reasoned that, notwithstanding the substantive differences in the conditions of employment between full-time and substitute teachers, the similarity of their functions placed them in the same grade or class, and § 402(d) thus barred appellant from receiving benefits. The court stated as follows:

> Substitute teachers replace regular full-time teachers who are ill or absent for some other reason, and on those occasions they perform the same teaching *functions* that the regular teachers perform.

*Renne,* 52 Pa.Cmwlth. at 400, 415 A.2d at 997 (emphasis supplied).

This function test was articulated in numerous cases that dealt with employees involved in industrial production. *See Stahlman Unemployment Compensation Case,* 187 Pa.Super. 246, 144 A.2d 670 (1958); *Curcio Unemployment Compensation Case,* 165 Pa.Super. 385, 68 A.2d 393 (1949); *Unemployment Compensation Board of Review v. National Valve and Manufacturing Co.,* 19 Pa.Cmwlth. 565, 339 A.2d 137 (1975). Under these cases striking and non-striking employees were found to be in the same grade or class because, as members of an interdependent production process, their functions were considered inseparable. In our view, this rationale is inadequate for two reasons.

▮▮▮ First, it fails to advance the purpose of the Unemployment Compensation Law, i.e., to provide benefits to those who become unemployed through no fault of their

54 Pa.Cmwlth. 440, 422 A.2d 707 (1980). Appellant's name was placed on such a list, but he was never called to work because of the strike. Thus, his unemployment was the result of the strike and § 402(d) is applicable.

own. 43 Pa.S. § 752; *Gladieux Food Services, Inc. v. Unemployment Compensation Board of Review,* 479 Pa. 324, 388 A.2d 678, (1978); *McDermott v. Commonwealth Unemployment Compensation Board of Review,* 58 Pa.Cmwlth. 375, 427 A.2d 785 (1981); *Frederick v. Commonwealth Unemployment Board of Review,* 55 Pa.Cmwlth. 490, 423 A.2d 801 (1980).[4] Appellant, who clearly met the first two provisos of § 402(d), was denied benefits only because he failed to pass the rigid function test applied in connection with the third proviso. This result was reached notwithstanding the fact that appellant, who had no active participation or interest in the labor dispute and was not a member of the labor union, became unemployed through no fault of his own.

Secondly, the function test employed by the court below is inadequate because it focuses on the narrow question of whether appellant performed the same function as did the striking full-time teachers. No serious consideration was given to the more substantive differences in the employment situations of substitute and full-time teachers. A more comprehensive analysis of these differences, which addresses other factors of employment, must be utilized in order to avoid the arbitrary and often harsh results from the stringent application of the function test. *See* Reuben and Schuckers, *The Labor Dispute Disqualification In Pennsylvania Unemployment Compensation Law,* 51 Temp.L.Q. 211, 248 (1977).

Some of these factors were considered in *School District of the City of Allentown v. Unemployment Compensation Board of Review,* 47 Pa.Cmwlth. 188, 409 A.2d 115, (1979),

---

**4.** It is axiomatic that the provisions of the Unemployment Compensation Law must be liberally construed to provide the broadest possible benefits to those who experienced forced unemployment. As this Court stated in *Penn Hills School District v. Unemployment Compensation Board of Review,* 496 Pa. 620, 625, 437 A.2d 1213, 1215 (1981), "Mindful of this remedial, humanitarian objective, the courts have always interpreted the benefits sections liberally and broadly to alleviate the distress of the involuntarily unemployed." *See also, Richards v. Unemployment Compensation Board of Review,* 491 Pa. 162, 420 A.2d 391 (1980); *All Steel, Inc. v. Unemployment Compensation Board of Review,* 49 Pa.Cmwlth. 552, 411 A.2d 884 (1980).

which held that teachers' aides were not of the same grade or class as full-time teachers. The court there stated:

Thus, a clear distinction between teachers' aides and teachers on the basis of their respective grade or rank can be made. Aside from the *differences in training, qualification, responsibilities* and *salary* between the two groups, teachers aides being under the orders and *supervision* of the classroom teacher are in a subordinate, and hence different, grade or rank.

*Allentown,* 47 Pa.Cmwlth. at 193, 409 A.2d at 118 (emphasis supplied).

The approach taken in *Allentown* accepts the notion that factors of employment, which are ignored by the function test, must also be examined as part of any interpretation of "grade or class" as used in § 402(d). This rationale expands the narrow focus of the function test and examines more comprehensively the significant differences between an applicant's employment and that of striking employees.

▮▮▮ Appellant's sole assurance of employment was the placing of his name on a list of available substitute teachers who were called to work only if a vacancy developed, provided that they passed a medical examination. He received no remuneration unless he was called to work, and then his rate of pay and level of benefits were considerably less than those of full-time teachers. *See* Notes of Testimony at 3. Furthermore, appellant's employment was governed by a wholly separate and distinct contract from the one which established the terms and conditions of employment for full-time teachers. *See* Decision of Unemployment Compensation Referee, Finding of Fact # 10.[5]

---

**5.** We further note that appellant, as a substitute teacher, was apparently not included in the collective bargaining unit which was comprised of the full-time permanent teachers. *See* Notes of Testimony at 6. *See also, Richland Education Association v. P.L.R.B.,* 43 Pa. Cmwlth. 550, 403 A.2d 1008 (1979). Moreover, under the Public School Code, Act of March 10, 1949, P.L. 30, art. I, § 101 *et seq., as amended,* 24 Pa.S. § 1–101 *et seq.,* substitute teachers are specifically excluded from the definition of "professional employee", which includes full-time permanent teachers. 24 Pa.S. § 11–1101. Substitute teachers are also outside the coverage of the compensation

Thus, appellant's job security, remuneration, benefits and employment contract were significantly different from those of the full-time teachers. In failing to consider these vital factors, the lower court has ignored the purpose and spirit of the Unemployment Compensation Law.[6]

Therefore, we hold today that the totality of the circumstances surrounding the employment of an applicant for unemployment compensation benefits must be considered when interpreting the words "grade or class" as used in § 402(d). Factors of employment must be examined, including salary, benefits, working conditions, hours, job security, skills, training, job rank and employment contracts. Applying this standard to the instant matter, we conclude that because of the differences between the employment situations of substitute and full-time teachers, appellant was not of the same "grade or class" as the striking full-time teachers. Section 402(d), therefore, does not bar appellant from receiving benefits.

Accordingly, the order of the Commonwealth Court is reversed and this case is remanded to the Unemployment Compensation Board of Review.

provisions of the Public School Code. *See* 24 Pa.S. §§ 11–1141, 11–1142 (defining minimum compensation levels), 11–1144 (prescribing increments to compensation).

**6.** Commentators have repeatedly observed that there is a lack of clarity as to the definition of "grade or class" as used in § 402(d) and in similar provisions in other jurisdictions. *See* Reuben and Schuckers, *The Labor Dispute Disqualification In Pennsylvania Unemployment Compensation Law,* 51 Temp.L.Q. 211 (1977). *See also,* Comment, *Labor Dispute Disqualification—The Function of "Grade of Class" Provisions in State Unemployment Compensation Statutes,* 18 St. Louis U.L.J. 629 (1974).