561 A.2d 1330

**Robert A. ROSS, Petitioner,**

v.

**COMMONWEALTH of Pennsylvania, UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 15, 1989.

Decided July 28, 1989.

Frank J. Piatek, Neighborhood Legal Services Assoc., New Castle, for petitioner.

Clifford F. Blaze, Deputy Chief Counsel, John E. Herzog, Asst. Counsel, Harrisburg, for respondent.

Before CRAIG and BARRY, JJ., and BLATT, Senior Judge.

BLATT, Senior Judge.

Robert A. Ross (petitioner) petitions for our review of the order of the Unemployment Compensation Board of Review (Board) affirming the referee's decision which denied benefits. We will reverse.

The petitioner was employed by the U.S. Steel Corporation (USX) for eighteen years until he was laid off on February 27, 1982. He was next employed by the American Asbestos Control Company (American Asbestos) intermittently from July of 1985 until he was laid off on March 6, 1987. He applied for unemployment compensation benefits on June 5, 1988. This established his base year, for the purpose of determining financial eligibility for unemploy-

ment compensation benefits, as the first, second, third and fourth quarters of 1987.

During his base year, the petitioner was employed by American Asbestos for eleven weeks. He also received eight weeks of severance allowance from USX in one lump sum of $4,335.36 in July of 1987. The Office of Employment Security (OES) decided that he was entitled to only one credit week for the severance pay.[1] Therefore, because he had only twelve credit weeks in his base year, he was denied benefits.[2]

The petitioner appealed this decision to the referee, who also decided that the petitioner had only twelve credit weeks in his base year and that he was, therefore, not financially eligible for benefits. The referee counted the severance pay toward only one credit week because it "was not allocated by the employer for any particular eight-week period." Finding of Fact No. 8, Referee's Decision at 1. Upon appeal to the Board, it adopted the findings and decision of the referee and affirmed. The matter has now been appealed to this Court.

The issue now before us, therefore, is one of first impression. Essentially, both parties disagree as to how severance pay should be allocated within credit weeks. The Board relies on an OES informational pamphlet pertaining to credit weeks, which in turn is in accordance with Unemployment Compensation Bulletin No. 871, Supplement No. 8. The pamphlet was generated as a result of the amendment to the Law on July 10, 1980 adding the following definition of "credit week":

1. It is already well settled that severance pay is countable toward unemployment compensation eligibility, *Hock v. Unemployment Compensation Board of Review*, 50 Pa. Commonwealth Ct. 517, 413 A.2d 444 (1980); and that it is properly included in the quarter in which it is received, rather than when it is earned. *Wooley v. Unemployment Compensation Board of Review*, 71 Pa. Commonwealth Ct. 162, 454 A.2d 224 (1983).

2. The petitioner was required to have sixteen credit weeks in his base year, pursuant to Section 404(c) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 804(c).

"Credit Week" means any calendar week in an individual's base year with respect to which he was paid in employment as defined in this act, remuneration of not less than fifty dollars ($50). Only one credit week can be established with respect to any one calendar week.

Section 4(g.1) of the Law, 43 P.S. § 753(g.1).

In regard to severance pay, the informational pamphlet interprets the definition of "credit week" as requiring that, if the payment is not assigned to a specific week, then one credit week is allocated to the week in which the payment occurs. The Board maintains that this result is required by Section 4(g.1) because that section requires that the payment be made with respect to a specific calendar week. We disagree, however, with the Board's interpretation of Section 4(g.1) and can see no such requirement within that definition.

It has already been established that referees and the Board cannot rely upon Unemployment Compensation Bulletin No. 871, Supplement No. 8, in decisions to deny benefits. *Lopata v. Unemployment Compensation Board of Review,* 507 Pa. 570, 493 A.2d 657 (1985). Such decisions may be upheld only if they effectuate the legislative intent underlying the definition and application of "credit week" as a condition of eligibility for benefits.

As our Supreme Court stated in *Lopata,* and again in *Poola v. Unemployment Compensation Board of Review,* 520 Pa. 562, 555 A.2d 97 (1989):

We have previously articulated the legislative intent underlying financial eligibility requirements as being a means to demonstrate a claimant's genuine attachment to the work force. See generally *Martin v. Unemployment Compensation Board of Review,* 502 Pa. 282, 466 A.2d 107 (1983). We have also consistently recognized the remedial nature of the Unemployment Compensation Law, and have striven to give its provisions broad and liberal construction. *Renne v. Unemployment Compensation Board of Review, (Renne),* 499 Pa. 299, 453 A.2d 318 (1982); *Gladieux Food Services, Inc. v. Unemploy-*

*ment Compensation Board of Review,* 479 Pa. 324, 388 A.2d 678 (1978). Moreover, this Court has held that, absent a specific disqualification in the Law, a presumption of eligibility attaches to involuntarily unemployed claimants. *Penn Hills School District v. Unemployment Compensation Board of Review (Penn Hills),* 496 Pa. 620, 437 A.2d 1213 (1981); *Bliley v. Unemployment Compensation Board of Review,* 158 Pa.Super. 548, 45 A.2d 898 (1946).

*Lopata,* 507 Pa. at 576–577, 493 A.2d at 661; *Poola,* 520 Pa. at 567–568, 555 A.2d at 99–100.

In *Poola,* the Court considered whether earned vacation weeks, for which no vacation had been scheduled, could be computed as more than one credit week. The Court concluded that one credit week must be computed for each week of vacation earned during a base year, whether scheduled or unscheduled.[3]

As the Pennsylvania Supreme Court did in *Poola,* we must conclude that the Board's decision here did not effectuate the legislative intent underlying the definition and application of "credit week" as a condition of eligibility. The petitioner here earned and received eight weeks of severance pay, and one credit week should have been allocated for each one. It makes no sense to require that, in order for a claimant to be permitted more than one credit week for severance pay, the employer must allocate each week of pay to a specific credit week. Moreover, we find no such requirement in the Law, and we do not believe that such a decision would be in accordance with the holding and rationale of our Supreme Court in *Poola.*

We will, accordingly, reverse the order of the Board.

## ORDER

AND NOW, this 28th day of July, 1989, the order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby reversed.

3. As in the instant case, the payment in *Poola* was made in one lump sum.